WILLIAM CARLISLE,

*vs.*

JOHN RUST AND TRUSTEN HARDY.

*Sussex, July T.* 1819.

Depositions in a cause having been taken, returned, and published, upon affidavit of the discovery of new testimony and motion for leave to examine additional witnesses, it must appear from the affidavit, that neither the party, nor his solicitor, have read the depositions taken, nor made copies or abstracts thereof.

BILL IN EQUITY.—MOTION FOR LEAVE TO TAKE FURTHER TESTIMONY AFTER DEPOSITIONS RETURNED AND PUBLISHED. This cause was at issue and depositions had been taken on both sides under commissions returnable to the March Term, 1819. The depositions were returned and published, within six days next before the Term. The Chancellor, in consequence of sickness, did not attend at that Term, and the cause was continued to the ensuing July Term. At the July Term, a petition verified by affidavit was presented on behalf of the complainant, by Mr. Cooper, his solicitor, setting forth that the petitioner " had several " material witnesses (as he was advised and verily believed) " to examine in the cause, whose testimony he had dis- " covered since the last Term, and without the benefit of " whose testimony he could not safely proceed to a hear- " ing." He, therefore, prayed leave to make a further examination of witnesses, on the interrogatories before filed in the cause.

*T. Clayton* and *Robinson,* for the defendant, Rust object-ed, upon the ground that the petitioner had not sworn that *neither he nor his solicitor,* had seen, read or knew the contents of the depositions taken in the cause.

*Cooper*, for the complainant, said, that when the depositions were published, prior to the last Term, they knew nothing of the testimony which the complainant has since discovered, and that even if the Chancellor had been here at the last term, this motion could not have been made. That he ( the solicitor) had read the depositions but had taken no note or abstract of them.

*Robinson* said, that he had an abstract of the depositions.

RIDGELY, CHANCELLOR.—According to our Terms and mode of doing business, the English rules do not always apply or suit us. But even in England this matter seems to be discretionary. Here, if the party cannot have an examination of these witnesses, injustice may be done; for, if he did not know of, and had not discovered, this testimony before publication, he could not have made the affidavit; but the discovery being made since the last Term and after the publication, it is now the first opportunity that he has to apply. However, the affidavit states nothing respecting the complainant's or his counsel's knowledge of the depositions; and, therefore, it is not sufficient.

Afterwards, the complainant filed an affidavit, in which he said that he had not "seen, heard, or read the depositions " taken in the cause, nor is he informed of the contents " thereof." Mr. Cooper, the counsel, swore that he " had " read the depositions but had not any copies of them." The chancellor held this affidavit not sufficient; that it should state that he had not taken any notes or abstracts of them, nor any copies.